UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4706-RAO Date: November 5, 2026
Title: Metkel Gebremichael v. Fereti Semaia et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On June 16, 2026, Petitioner Metkel Gebremichael, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration detention. *Gebremichael v. Semaia*, No. 5:26-cv-3331-RAO (C.D. Cal. Jun. 16, 2026) ("*Gebremichael I*"). In *Gebremichael I*, the Court issued an order on July 14, 2026, granting Petitioner a bond hearing based on a determination that his due process rights to a bond hearing had been denied. *Id.*, Dkt. No. 14. The Court's July 14, 2026 order did not reach Petitioner's other claims, including his due process claim that he was denied pre-detention notice and a hearing.[1] *Id.*

On July 20, 2026, Petitioner was provided a bond hearing before an immigration judge. The immigration judge denied bond on the basis of flight risk. On August 18, 2026, Petitioner filed the instant action. The Petition in this matter raises the same claims as those in *Gebremichael I* and includes a new claim asserting that the immigration judge's July 20, 2026 hearing was constitutionally inadequate.

[1] The Court's July 14, 2026 order stated that relief in the form of a bond hearing would address Petitioner's unlawful detention without a pre-deprivation hearing. However, the order itself did not grant the Petition as to Petitioner's due process claim based on a denial of a pre-detention hearing. The Court acknowledges the resulting confusion; nevertheless, the order is clear that Petitioner's due process claim regarding the lack of a pre-detention hearing has not been adjudicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4706-RAO | Date: | November 5, 2026 |
| Title: | Metkel Gebremichael v. Fereti Semaia et al. | | |

Respondents filed their response to the Petition on August 25, 2026. Respondents argue that all of the claims in the Petition were adjudicated previously in *Gebremichael I* and thus should be denied. With respect to Petitioner's new claim challenging the sufficiency of Petitioner's July 20, 2026 bond hearing and the immigration judge's ruling, Respondents state that Petitioner has failed to exhaust his administrative remedies and the Court should deny the claim on that basis.

Addressing Petitioner's due process violation claim based on a denial of pre-detention notice and a hearing, which was not adjudicated in *Gebremichael I*, the Court applies the familiar two-step framework for analyzing such claims: first, it determines whether Petitioner has a protected liberty interest; and second, it examines what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, this Court follows the approach of countless other courts in turning to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Petitioner entered the United States in October 2024 and was detained immediately by immigration authorities. He applied for asylum, and U.S. Citizenship and Immigration Services made a positive credible fear determination. A Notice to Appear was issued on November 13, 2024. Petitioner appeared on the scheduled date and was released under the Alternatives to Detention (ATD). Petitioner subsequently was granted an employment authorization document and secured stable, full-time employment. Immigration authorities detained Petitioner on May 18, 2026, without any pre-detention notice or hearing. The Form I-213 issued on the date Petitioner was re-detained by immigration authorities does not list any criminal history, but does show that Petitioner missed over a dozen biometric check-ins. Petitioner's immigration proceedings remain ongoing and no final order of

removal has issued. For the past two years, Petitioner has established ties in the community and been gainfully employed. On these facts, the Court finds that Petitioner has a strong protected liberty interest in remaining out of custody arising from the government's decision to release him in 2024 on his own recognizance pursuant to ATD.[2]

Finding that Petitioner has a protected liberty interest, the Court applies the *Mathews* factors to determine what process he was due. First, Petitioner has a substantial private interest in his own liberty that is adversely affected by his current detention. Second, the risk of erroneous deprivation is high given that Petitioner was not given a pre-deprivation opportunity to be heard as to the justification of his detention. Because civil immigration detention is "nonpunitive in purpose and effect," justification for the current detention must outweigh Petitioner's protected liberty interest for detention to pass muster under due process. *See Yovani v. Warden of the Cent. Valley Annex Det. Facility*, 2026 WL 2168402, at *4 (E.D. Cal. July 27, 2026). Third and last, although the government has an interest in enforcing immigration laws and in public safety, its interest in detaining Petitioner without procedural safeguards is "low." *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). As numerous courts have observed, detention hearings in immigration courts are routine and impose "minimal" effort and cost. *Doe*, 787 F. Supp. 3d at 1094. While Petitioner has received a post-detention hearing, he did not receive one prior to being taken into custody. Due process requires that a person be provided notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. In sum, the Court concludes that the *Mathews* factors weigh in favor of the conclusion that Petitioner's arrest and detention on May 18, 2026, violated his due process rights.

---

[2] While Petitioner appears not to have been in full compliance with his release conditions, as indicated by the multiple missed check-ins, the Court does not find this fact eviscerates the liberty interest that he has acquired in being released on his own recognizance for the past two years.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4706-RAO Date: November 5, 2026
Title: Metkel Gebremichael v. Fereti Semaia et al.

"Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). "Upon determining that an [immigration judge] provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velazquez v. Bondi*, 2026 WL 1042479, at *7 (S.D. Cal. 2026) (citations omitted). The Court concludes the proper remedy is to require Petitioner's release on reasonable conditions and to restrain Respondents from re-detaining Petitioner in a manner that violates his due process rights. *See Singh v. Semaia,* 2026 WL 2281009, at *2 (C.D. Cal. Aug. 4, 2026) (ordering release for petitioner who was released on supervision on order of recognizance and was re-detained without prior notice or an opportunity to be heard).

For the reasons set forth above, the Court grants in part the Petition as to Petitioner's claim that his arrest and detention without pre-detention notice or a hearing violated his due process rights. The remaining claims in the Petition are denied as moot.

The Court ORDERS as follows:

1. Respondents are ordered to release Petitioner Metkel Gebremichael (A#249-137-119) from custody immediately, subject to reasonable conditions.
2. Respondents are enjoined from any further detention of Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.
3. Respondents shall file a notice of compliance within two court days.
4. The Clerk of the Court shall enter judgment in favor of Petitioner and close the case.

**IT IS SO ORDERED.**